UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BIANCA STONE,

                       Plaintiff,                                **MEMORANDUM AND ORDER**

          -against-                          26-CV-00349 (RER) (MMH)

BEDFORD STUYVESANT FAMILY
HEALTH CENTER; OKPOMO GODWIN,

                      Defendants.
-----------------------------------------------------------x

**RAMÓN E. REYES, JR, District Judge:**

Plaintiff Bianca Stone brings this *pro se* action under the Court's federal question jurisdiction. By Order dated January 6, 2026, the United States District Court for the Southern District of New York transferred the action to this Court. For the reasons stated below, Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted, her request for pro bono counsel is denied, and the action is dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff asserts that on November 18, 2024, she went to the Bedford Stuyvesant Family Health Center and was seen by nurse practitioner Okpomo Godwin, "who intentially [sic] diagnosed [Plaintiff] with mental health conditions within a 30 minute visit and erased all records of diagnosis and wrote a bunch of lies Bedsty took the diagnosis and discarded it and refuse to release medical records with diagnosis causing my Rights to be violated." (ECF No. 1 at 5). Although her substantive claims are somewhat unclear, she appears to claim that her Fourteenth Amendment substantive and procedural due process rights were violated, that the defendants committed "medical malpractice with intent to commit fraud," and that they breached their fiduciary duties owed to her. (*Id*. at 2). Plaintiff seeks monetary damages and the permanent sealing of her medical records. (*Id*. at 6.)

1

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted).

In addition, the subject matter jurisdiction of the federal courts is limited. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or

constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

## DISCUSSION

According to the complaint, the basis for subject matter jurisdiction is federal question jurisdiction, which provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "[the] well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport,* 368 F.3d 108, 113 (2d Cir. 2004) (citation omitted). Plaintiff's complaint attempts to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331 by alluding to violations of federal law. Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the complaint does not suggest any basis for the exercise of subject matter jurisdiction, whether federal question or otherwise.

Ms. Stone's attempt to assert claims directly under the Fourteenth Amendment fails. Such claims cannot be asserted directly and must instead be brought pursuant to 42 U.S.C. § 1983. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.") To state a claim under section 1983, a plaintiff must allege two elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). While Ms. Stone baldly alleges that the defendants deprived her of her Fourteenth Amendment rights, she does not allege that they did so while acting

3

under color of state law. The defendants are private parties and not state actors. Accordingly, the Court lacks subject matter jurisdiction over such claims.

Further, the Court lacks subject matter jurisdiction over Ms. Stone's claims for medical malpractice and breach of fiduciary duty. Plaintiff's claims for medical malpractice and breach of fiduciary duty arise under state law, not federal law. *See, e.g., Ganesh v. Kesanakurthy,* No. 25-CV-2652, 2025 WL 3157769, at *3 (S.D.N.Y. Nov. 10, 2025) (noting that medical malpractice is a claim that arises under state law); *Dyce v. Khelemsky*, No. 23-CV-06709, 2023 WL 5956501, at *2 (E.D.N.Y. Sept. 13, 2023) (same). Because the Court lacks federal question jurisdiction, it can adjudicate these claims only if it has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, No. 17-CV-4424, 2019 WL 4467559, at *3 (E.D.N.Y. Sept.

---

[1] Exercising subject matter jurisdiction over Ms. Stone's state law claims for medical malpractice and breach of fiduciary duty could be possible under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. The FTCA provides federal subject matter jurisdiction over state law tort claims against federal actors. The Court is aware that defendant Bedford Stuyvesant Family Health Center may be covered under the FTCA, but Ms. Stone has not alleged that she has complied with the FTCA's exhaustion requirement to trigger the Court's subject matter jurisdiction over these claims. Before a district court has subject matter jurisdiction over an FTCA claim, the plaintiff must have exhausted her administrative remedies by presenting the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Presentation requires that a claimant submit written notice to the agency and that the notice must provide "sufficiently specific information as to the basis of the claim, the nature of claimant's injuries, and the amount of damages sought such that the agency can reasonably understand what it must investigate to determine liability, to value the claim, and to assess the advisability of settlement." *Collins v. United States*, 996 F.3d 102, 119 (2d Cir. 2021). "The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements, including exhaustion," and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *Manchanda v. Lewis*, No. 21-1088, 2021 WL 5986877, at *2 (2d Cir. Dec. 17, 2021) (summary order) (internal quotations and citation omitted). This requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Ms. Stone has neither pleaded, let alone proved, compliance with the FTCA's statutory presentation and exhaustion requirements. Accordingly, the Court lacks subject matter jurisdiction over any such claims.

18, 2019). Because all parties to the action are citizens of New York, diversity of citizenship is lacking, and the requirements of 28 U.S.C. § 1332 are not met. *See, e.g.*, *Nimham-El-Dey v. Health and Hosps.*, No. 21-CV-8238, 2021 WL 5166385, at *4 (S.D.N.Y. Nov. 5, 2021) (noting that the plaintiff asserted state law claims of medical malpractice, but he does not allege facts demonstrating that the Court has diversity jurisdiction to consider those claims).

Without a basis to support this Court's subject matter jurisdiction, the complaint must be dismissed. *See* Fed. R. Civ. P. 12 (h)(3).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order to the *pro se* plaintiff, and note the mailing on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


 SO ORDERED

/s/ RAMÓN E. REYES, JR.
RAMÓN E. REYES, JR.
United States District Judge

Dated: February 19, 2026
       Brooklyn, New York

5